NICHOLSON v. HARRISON.

(Supreme Court, Appellate Term. January 27, 1910.)

1. BROKERS (§ 53*)—ACTION FOR SERVICES—SALE—PROCURING CAUSE.

A real estate broker cannot recover commissions, unless he was the actual procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

2. BROKERS (§ 86*)—COMMISSIONS—PROCURING CAUSE OF SALE—EVIDENCE.

In an action for broker's services, evidence *held* insufficient to sustain a verdict that plaintiff was the procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116—117; Dec. Dig. § 86.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Nicholson against Edward J. Harrison. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

N. J. O'Connell, for appellant.
Jacob Friedman, for respondent.

LEHMAN, J. The defendant owned some property in New Jersey, which he wished to sell or exchange. He employed the plaintiff as real estate broker to procure a purchaser for this property. There is no claim that the plaintiff was the sole broker employed by defendant. While the plaintiff's employment was still continuing, he suggested to a man named Scoville that he might arrange an exchange of some property owned by Scoville's wife for defendant's property. Scoville

consented that negotiations be opened, and I think there is sufficient evidence in the case to sustain a finding that Scoville had authority from his wife to open such negotiations in her behalf. Thereupon the plaintiff wrote three letters to the defendant, asking him to consider an exchange of the two properties, but never called on the defendant. The defendant answered none of these letters, and denies receiving them. Subsequently Scoville told plaintiff that other brokers were negotiating with his wife to effect the exchange, and that he felt disinclined under such circumstances to have any dealings with the defendant. Plaintiff told Scoville to continue his investigations, and if a sale resulted his own claim for commissions would be legally valid. Scoville's wife and stepson, who is a real estate broker, examined the property at his instigation, and on January 7th Mrs. Scoville signed a contract for the exchange, in which the stepson was recognized as Mrs. Scoville's broker and one Hazlett was recognized as the defendant's broker.

The plaintiff claims that he was the procuring cause of this sale. At the trial Hazlett testified that he answered an advertisement in the Telegram which offered Mrs. Scoville's house for sale, that Mrs. Scoville's stepson then called on him in answer to his letter, that he sent them to the country to look at defendant's house, and that he and the stepson arranged the details of the sale. Defendant denies that plaintiff ever offered the exchange to him, and claims that Hazlett was the broker employed by him in good faith, and that Mrs. Scoville stated that she was sent to him by Hazlett. It is conceded that, after plaintiff found out that Hazlett was acting as broker, he never notified defendant of any claim that he was the procuring cause. I do not see how, under the circumstances, the plaintiff has shown a cause of action. Conceding that Scoville had sufficient general authority to represent his wife in authorizing the plaintiff to endeavor to arrange a sale, it was his wife, and not he, who made the contract of sale. The plaintiff apparently never saw the wife, never arranged a single term of the contract, and never brought the parties together. There is not the slightest evidence that the defendant was acting in bad faith, and changed brokers in order to deprive the plaintiff of his commission. There is not the slightest evidence that Scoville himself had anything to do with the sale, or that he in the slightest degree influenced his wife, except that he says that she visited the property at his instigation. The plaintiff must show that he was the actual procuring cause of the sale. "He may have planted the very seeds from which others reap the harvest," but that gives him no claim, unless he actually was the instrument by which the sale was made. Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 383, 38 Am. Rep. 441.

I think that upon a careful reading of the record the conclusion is irresistible that Mrs. Scoville made the exchange, not through her husband, but through her son, and that her son made the contract, not through the plaintiff's efforts, but through Hazlett's. A verdict of the jury should not rest on mere speculation, but upon logical inferences that may be drawn from the evidence. Unless the plaintiff presents evidence sufficient to show that his conversations with Mrs.

Scoville's husband were the direct producing cause of Mrs. Scoville's making the exchange, his complaint should be dismissed.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs. DAYTON, J., dissents.